UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEDRO ALICEA, 91-A-4575,

        Plaintiff,

     -v-                              03-CV-6507Fe
                                                     **ORDER**

WADE HOWELL, Vocational Supervisor,
Tier III Disciplinary Hearing
Officer, N.Y.S. DOCS, Orleans
Correctional Facility; JOHN BEAVER,
Superintendent, N.Y.S. DOCS, Orleans
Correctional Facility; M. BENNETT,
Correction Officer, Orleans
Correctional Facility; A. KUREK,
Correction Officer, Orleans
Correctional Facility; MRS. GUITERI,
Teacher, Orleans Correctional Facility;
LT. BROWN, Correctional Lieutenant,
Orleans Correctional Facility; DONALD
SELSKY, Director of Special Housing
Units, N.Y. S. DOCS; and GLENN
GOORD, Commissioner; N.Y.S. DOCS;
individually and in their official
capacity,

        Defendants.

_____


## INTRODUCTION

Plaintiff Pedro Alicea, an inmate of the Collins Correctional

Facility, has filed this *pro se* action seeking relief under

42 U.S.C. § 1983 (Docket No. 1). He has requested permission to

proceed *in forma pauperis* and filed a signed Authorization (Docket

No. 3). Additionally, plaintiff has requested assignment of

counsel. (Docket No 3 and supporting papers). Plaintiff claims

that the defendants violated his constitutional rights by denying

him procedural protections afforded under the Fourteenth Amendment,

and by impinging on his First Amendment right to seek redress.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that while serving time at the Orleans Correctional Facility, in Orleans, New York, he was subjected to a wrongful disciplinary conviction following a Tier III disciplinary hearing at which he was denied the opportunity to present a defense.  He was accused of using drugs, based on a urine sample collected by Officer Bennett. The urine sample was contaminated by a foreign substance prior to being tested.  Plaintiff was unable to promptly provide another clean sample, and was not given the opportunity to wait.

Plaintiff alleges that Mrs. Guiteri ("Guiteri"), a teacher at Orleans Correctional Facility was assigned to assist him in preparing his defense. He claims that she denied him effective legal assistance and became incensed at plaintiff's attempts to defend himself by filing a grievance regarding her lack of assistance.  He claims that she and Hearing Officer Howell ("Howell") discussed his grievance prior to the hearing, and that she threatened him.  At the subsequent hearing, Officers Bennett, Kurek and Brown testified to the sample collection, contamination,

and the denial of re-collection of a fresh sample.  Nevertheless, Howell accepted the tainted evidence and denied plaintiff an opportunity to pursue his defense.  After the hearing on February 4, 2003, he was sentenced to 545 days in SHU, 36 months of loss of privileges, and 24 months loss of good time.  He claims that Superintendent Beaver, Director of SHU Donald Selsky, and Commissioner Goord failed to remedy the constitutional violations on review.  On appeal, the conviction was upheld, although the sentence was modified to 365 days in SHU, with the additional penalties remaining.  Plaintiff commenced an Article 78[1] proceeding in state court.  Just prior to the disposition of the state court proceeding, on August 13, 2003, the disciplinary proceeding was administratively reversed.  Plaintiff, however, had already served approximately six months in SHU.

Plaintiff is seeking monetary damages.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which

---

[1] N.Y. CPLR §§ 7801, et seq.

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct

4

deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Dwares v. City of New York</u>, 985 F.2d 94, 98 (2d Cir. 1993).

## OFFICIAL CAPACITY CLAIMS

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See* <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 98-100 (1984).  It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66-67 (1989).  The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).  Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued.  <u>Pennhurst</u>, 465 U.S. 89 at 199-201.  Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity.  Accordingly, the claims against defendants in their official capacity are dismissed.

## CLAIMS AGAINST BENNETT, KUREK, AND BROWN

"The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."  <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986).  Thus, plaintiff's

claims that the urine sample was contaminated, but still offered into evidence, in and of itself, does not state a cognizable claim that plaintiff's due process rights were violated.   Moreover, Officers Bennett, Kurek, and Brown apparently testified truthfully about the condition of the sample and their failure to collect a fresh sample.   The only constitutional violation alleged here is that plaintiff was not provided adequate due process in the proceeding, and this claim is not based on the truth or falsity of the evidence, but instead on the conduct of the hearing itself. Accordingly, the claims against Officers Bennett, Kurek, and Brown are dismissed.

### REQUEST FOR COUNSEL

Plaintiff has requested assignment of counsel.  While there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants.   28 U.S.C. § 1915(e); *and see, e.g.*, <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988).  At this initial stage in the proceeding, however, the Court has only plaintiff's complaint and supporting papers by which to evaluate the claims, legal issues, and complexity of the action.  Until issue is joined here, there is insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards promulgated by <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392 (2d Cir. 1997), and <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir. 1986).

Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against all defendants in their official capacity and claims against Officers Brown, Bennett, and Kurek are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

With respect to the remaining claims regarding the conduct of the disciplinary hearing, it cannot be demonstrated at this stage that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,'" Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), the retaliation and due process claims may go forward as pleaded.

The U.S. Marshal is directed to serve the summons and complaint on Tier III Disciplinary Hearing Officer Wade Howell, Orleans Correctional Facility Superintendent John Beaver, teacher Mrs. Guiteri, Director of Special Housing Units Donald Selsky, and Commissioner Glenn Goord.

7

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against all defendants in their official capacity and claims against Officers Brown, Bennett, and Kurek are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Officers Brown, Bennett, and Kurek as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Tier III Disciplinary Hearing Officer Wade Howell, Orleans Correctional Facility Superintendent John Beaver, Mrs. Guiteri, Director of Special Housing Units Donald Selsky, and  Commissioner Glenn Goord without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     February   5, 2004
           Rochester, New York

8